FILED

**NOT FOR PUBLICATION**

SEP 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISPIN CLANOR ENDICIO and MARIA ELSA MALDO RECIO, | No. 08-71729 08-75193 |
| Petitioners, | |
| v. | Agency Nos. A096-341-320 A096-341-321 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

In these consolidated petitions for review, Crispin Clanor Endicio and Maria

Elsa Maldo Recio, natives and citizens of the Philippines, petition for review of the

Board of Immigration Appeals' ("BIA") order dismissing their appeal from an

immigration judge's decision denying their applications for relief from removal, as

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

well as the BIA's order denying their subsequent motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir. 2005) and for substantial evidence the agency's factual findings, *Lolong v. Gonzalez*, 484 F.3d 1173, 1178 (9th Cir. 2001) (en banc). We dismiss in part and deny in part the petition for review in No. 08-71729, and deny the petition for review in No. 08-75193.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Petitioners' contention that the agency applied an incorrect hardship standard is not supported by the record. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

In their opening brief, petitioners fail to address, and therefore have waived any challenge to, the agency's denial of asylum and relief under the Convention Against Torture. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

Substantial evidence supports the BIA's determination that petitioners failed to demonstrate their eligibility for withholding of removal. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1178-79 (9th Cir. 2004).

The BIA did not abuse its discretion by denying petitioners' motion to reopen, where the BIA considered the new evidence of their United States citizen son's mental health condition and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.")

**In No. 08-71729:  PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**In No. 08-75193:  PETITION FOR REVIEW DENIED.**